OPINION
The State of Ohio appeals from the judgment of the Montgomery County Common Pleas Court wherein the court imposed community control sanctions upon appellee, Ryan Spencer.
 The factual history of this case is taken exclusively from the Pre-sentence Investigation Report ("P.S.I."), which was prepared by the Montgomery County Adult Probation Department. On November 17, 1998, Ryan Spencer entered a Dayton, Ohio Banc Ohio branch and, after pointing a shotgun at the teller, demanded money. After receiving approximately $2703.00, Spencer fled the bank. Once outside the bank, however, Spencer dropped the bag of money and ran to a nearby gas station where he changed his clothes. Spencer also tossed the shotgun he had used during the robbery in a nearby yard. Id.
Eventually, Spencer exited the bathroom of the gas station, at which time he was apprehended by police. Id.
 While most of the money was recovered, approximately $301 was taken by an unknown pedestrian from the bag Spencer abandoned outside the bank.
Pursuant to plea negotiations, Spencer pled guilty by way of an Information to one count of Robbery (with a deadly weapon) in violation of RC 2911.02(A)(1), a felony of the second degree. The trial court ordered a pre-sentence investigation and Spencer was evaluated by the Forensic Psychiatry Center. The Montgomery County Probation Department recommended that Spencer be sentenced to a term of community control sanctions. The trial court sentenced the defendant to community control sanctions for a period of five years. The sanctions included a six month term at the Dayton Human Rehabilitation Center, five years intensive supervision by the probation department, a term in a long term drug treatment program such as Nova House, Crisis Care Assessment for psychological treatment, and supervision by a Chemical Abuse/Mental Health Specialist.
The State contends the trial court erred in imposing community control sanctions on the defendant because the trial court specifically omitted any findings that the factors enumerated in R.C. 2929.13(D)(1) and (2) were satisfied. The State also argues that three of the five factors enumerated in R.C. 2929.12(D) indicate that Spencer exhibits an increased likelihood of committing future crimes. Lastly, the State argues that consideration of the factors enumerated in R.C. 2929.12(B) and (C) suggest that Spencer's crime was more serious than conduct normally constituting robbery.
Spencer argues the Probation Department recommended community sanctions because he suffers from a mental illness that needs treatment. He also contends his mental illness rebutted the statutory presumption in favor of prison.
R.C. 2929.13 provides in pertinent part as follows:
 (D) Except as proved in division (E) or (F) of this section, for a felony of the first or second degree * * * it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Notwithstanding the presumption established under this division, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree * * * if it makes both of the following findings:
 (1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime
because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism;
 (2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.
Although the trial court did not make written findings justifying its sentence of Spencer, the trial court did make the following statement at the time of sentencing:
 THE COURT: Okay. Mr. Spencer, I'm sure that you realize the seriousness of the offense that you committed here and the probation officer who prepared this report, who is a very experienced probation officer, has recommended that you be given an opportunity to get the help that is quite obvious that you need.
 Ordinarily, as I said, this would be an offense that would require imprisonment but based on the mental health evaluation and other factors that are present in the case the Court has determined that community control sanctions would not demean the seriousness of the offense and would be more appropriate in terms of your rehabilitation. So I'm going to place you on to a community control sanction for a period of not to exceed five years.
Although the trial court did not specifically find that community control sanctions would adequately punish the defendant and protect the public from future crime, it did find that the defendant's rehabilitation would be better served by the community control sanctions imposed. Obviously the public is "protected" when a convicted defendant is rehabilitated.
RC 2929.12 provides:
 (A) Unless a mandatory prison term is required by division (F) of section 2929.13 or section 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
 (B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as a part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 (C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense.
(1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
 (D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicating a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense.
 (E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) The offense was committed under circumstances not likely to recur.
(5) The offender shows genuine remorse for the offense.
None of the factors set out in RC 2929.12(B) indicate Spencer's conduct was more serious than conduct normally constituting a robbery offense. The probation report indicates Spencer carried an unloaded firearm into the bank. As such, he did not cause or expect to cause physical harm to any person or property as provided in RC 2929.12(C)(3).
The probation report also indicated that Spencer had been diagnosed as having a mental illness which is incapacitating and is possibly paranoid schizophrenia. This is a substantial ground to mitigate his conduct although not enough to constitute a defense to it. See, R.C. 2929.12(C)(4).
At the time of Spencer's offense he was on probation for attempted petty theft. The probation department however did note that Spencer showed genuine remorse for this offense. R.C.2929.12(D) and (E) also provide that the trial court may consider any other "relevant factor" in determining whether the offender is likely to commit future crimes. The probation department noted that given the emotional and psychological deficiencies of the defendant incarceration would be counterproductive and potentially injurious to society once Spencer is released from prison.
R.C. 2953.08(G)(1) provides that the court hearing an appeal of a sentence under division (B)(1) may increase, reduce, or otherwise modify a sentence that is appealed or may vacate the sentence and remand the matter to the trial court if the court "clearly and convincingly" finds that the procedures for overriding a presumptive sentence were not followed or if followed there was an insufficient basis for the trial court's overriding the statutory presumptions. We cannot say the record demonstrates clearly and convincingly that the trial court failed to follow the proper sentencing procedures or that there was an insufficient basis for the trial court's overriding the statutory presumption in favor of imposing community sanctions on Spencer.
The assignment of error must be overruled. The judgment of the trial court is Affirmed.
GRADY, P.J., and WOLFF, J., concur.
Copies mailed to:
Andrew T. French
Arvin S. Miller
Hon. John Kessler